UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LIPSCOMB,

    Petitioner,

v.

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA,

    Respondent.

Case No. 24-cv-04587-JD

**ORDER RE DISMISSAL**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in San Francisco County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 2009, Lipscomb was found guilty of evading a police officer, possession of a firearm by a felon, discharging a firearm from a motor vehicle and assault with a semiautomatic firearm. Petition at 2. Lipscomb filed a prior federal habeas action in this Court challenging the conviction. *Lipscomb v. Virga*, Case No. 13-cv-5744 JD. That petition was denied on the merits in 2015. *Id.*, Dkt. No. 26.

## DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

          (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Lipscomb presents a claim regarding the same underlying conviction that was reviewed in the prior petition. Yet, he has not demonstrated that the Ninth Circuit authorized a successive petition. The petition is dismissed but Lipscomb may refile the petition if he receives permission from the Ninth Circuit.

## CONCLUSION

The petition is dismissed without prejudice and a certificate of appealability is denied. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: September 3, 2024

_____
JAMES DONATO
United States District Judge